UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAURA TAYLOR, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) No. 4:13CV1274 HEA |
| BOSTON SCIENTIFIC CORP, | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 8]. Defendant opposes the Motion, and on August 27, 2013, the Court heard oral arguments. For the reasons set forth below, the Motion is granted.

Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri on June 15, 2012. Defendant removed the matter, as well as *Evans, et al. v. Boston Scientific Corporation*, Cause Number: 13CV1272-HEA, and *Atwell v. Boston Scientific Corporation,* Cause Number 13CV1270-CEJ, based on the Court's federal question jurisdiction. Defendant contends that under the Class Action Fairness Act of 2005, (CAFA), 28 U.S.C. § 1332(d)(11)(B), these case have become removable because Plaintiffs have proposed their claims be tried in conjunction with one another due to common questions of law or fact.

CAFA allows for federal question jurisdiction in "mass action" cases. The

term, "'mass action' means any civil action. . . in which monetary relief claims of 100 or more persons are proposed to be *tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact. . ." (Emphasis added).

In the Circuit Court of St. Louis, Plaintiffs sought assignment of this case and the *Evans* case, in which counsel for Plaintiffs is the same, to one judge for combined pretrial proceedings. Counsel for Plaintiffs specifically did not seek consolidation of their cases, nor did they suggest that the cases be tried as one. Quite the contrary, Plaintiffs specifically filed two separate suits to avoid this Court's federal question jurisdiction.

While Defendant advocates an enticing interpretation of CAFA, such interpretation runs afoul of the clear statutory language, *i.e.*, that there is a single trial of 100 or more persons. In the case before this Court, there are clearly fewer than 100 plaintiffs, and the mere fact that they requested combined pre-trial proceedings does not "morph" the proceedings into a single trial. Indeed, even assuming Plaintiffs in this case sought consolidation of the Plaintiffs in the *Evans* case, the case in which Plaintiffs are represented by the same lawyers, the jurisdictional threshold would not be reached. There are 14 plaintiffs in this case; in *Evans*, there are 27 plaintiffs. Simple addition establishes that the total number would be 41. While Defendant seeks to also include the *At well v. Boston*

*Scientific Corporation* case in with the *Evans* and *Taylor* cases, nothing in the record establishes that these three cases have ever sought to be consolidated into one.

There are fewer than 100 plaintiffs seeking a single trial. CAFA, therefore, is inapplicable, and the Court is without jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 8], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 27th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE